**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


| | |
|---|---|
| JON'TA TOMORREEA HAMPTON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        1:19cv9 |
| | ) |
| CONCORD POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary

litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the <u>in</u> <u>forma</u> <u>pauperis</u> statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  <u>Nagy</u>, 376 F.3d at 256-57 (some internal quotation marks omitted).

<u>DISCUSSION</u>

Plaintiff's Complaint alleges that a police officer who encountered Plaintiff in Concord, North Carolina, should not have cited him for driving a vehicle with a revoked license and without

2

a proper license plate/registration and/or should not have asked him for his driver's license, based on the patently frivolous and thoroughly discredited notion that he has special status in the United States as a function of his association with some "Moorish" group (see id.), as well that

> the "citation issued . . . falsely states race as (1) BLACK, [Correction the alleged defendant is a Moorish American National], (2). Name of Defendant: HAMPTON-BEY, JON'TA TOMORREEA. [Correction the alleged defendant has a title annexation Bey and [his] name is Jon'ta Hampton-Bey. . . . (3). Fictitious tag in which [Plaintiff] object[s] see North Carolina Titles Application, private property not for hire . . . (4) Unlawful issues of citations made in false pretense in violation of the 4th Amendment [see, TA25660: dismissed with prejudice pursuant to Rule 12 (b)(1) for lack of jurisdiction in regards to constitutional rights of the Federal Government to which the claims should have been brought before the federal government and in which they should be redressed on those constitutional matters].

> . . . .

(Id. at 2-3 (brackets, other than around Plaintiff, in original).)[1]

Plaintiff submitted additional documents in support of his claims. (See Docket Entries 2-1, 5, 6, 7, 7-1, 7-2, 7-3, 8.) First, Plaintiff attached various documents to the Complaint, to include (i) documents purporting to establish the Moorish Science Temple of America (see Docket Entry 2-1 at 3-5, 8-15), (ii) Plaintiff's citation referenced in the Complaint, along with

---

[1] Plaintiff later attached a brief filed by the defendant in the above-referenced case brought before the North Carolina Industrial Commission. (See Docket Entry 7-3 at 1-6.)

documents regarding two earlier citations he received from Rowan County for no operators license and fictitious title/registration card/tag (id. at 17-19), and (iii) a Government Employees Insurance Company (GEICO) document referencing Plaintiff's insurance policy (id. at 20).

Next, Plaintiff filed an "Affidavit in Support pursuant to 42 USC 14141" (see Docket Entry 5 at 1) in which he defines multiple terms (i.e. discriminatory harassment, false arrest, unlawful stops, searches, and arrest) and alleges that Defendants deprived him of his constitutional rights (see id.). As attachments to the Affidavit, Plaintiff appended (i) a "Dealership Agreement" in which "The Moorish Science Temple of America . . . grant[s] [Plaintiff] dealership status to manufacture, [t]ravel, and or [c]onvey any automobile, vehicle, bike, car, or truck, etc as exempt from the State Registration and Title pursuant to N.C.G.S. 20-51 (Docket Entry 6 at 1), (ii) Cabarrus County Conditions of Release and Release Order and Cabarrus County Magistrate's Order in which Plaintiff notes to the right of all instances in which his name appears as "Jon'ta Tomorreea Hampton," either the words "False Pretense" or the word "Misnomer" (id. at 2-5), (iii) Iredell County Probation Violation and Order to Modify, pertaining to a different charge incurred by Plaintiff in 2016, in which Plaintiff crossed out the letter "B" under "Race" and wrote the word "Color" in its place (id. at 6), (iv) a "Declaration In Support of Claim

4

pursuant to 42 USC 14141" submitted by "Mrs. Niki RJ Hampton Bey" (id. at 7), and (v) a "Notice of Claim[,] Residential Indigenous Claim of [Plaintiff]," issued by MetaBank stating that "[t]his Residential Landmark property of the Moorish Empire is exempt upon presentment and is not a subject of any N.C.G.S. monument or other color of law, etc. and it is further not the subject of approval by the city of Concord in the County of Cabarrus of the corporate State of North Carolina" (id. at 8).

Plaintiff then filed a "Declaration of Fact" (Docket Entry 7 at 1), asserting the status of "Federal Non Prisoner" (id.), who "appeared as such in the Court of Concord NC on charges of traffic contrary to the Constitution and Laws of the United States" (id. at 2-3), "as to the warrants issued and used to obtain performance from [him]" (id. at 3), which "warrants used to obtain the unlawful arrest of Plaintiff [ ] were made in false pretense, intentionally" (id.). Along with the "Declaration," Plaintiff included (i) an Affidavit of Organization purporting to establish the Moorish Science Temple of America (see Docket Entry 7-1 at 1-2), (ii) a Declaration of Irrevocable Express Trust between "Noble Drew Ali Skeik Sharif Abdul Ah" and "Rhenetta BelcherBey, Grand Sheik" (id. at 3-4), (iii) an "Agreement for Termination of Lease" between Firebird Enterprises LLC and Jon'ta Hampton-Bey (Docket Entry 7-2 at 1-2), and (iv) Defendants' Brief to the North Carolina Industrial Commission (Docket Entry 7-3 at 1-6), seeking to uphold

5

an order dismissing Plaintiff's claims that "stem[med] from allegations of intentional acts, violations of his constitutional rights, and acts by the U.S. Marshal[]s" (id. at 5), as to which he "failed to allege any actual negligence by an employee of a state agency" (id.).

Lastly, Plaintiff filed an "Objection and Counterclaim" (Docket Entry 8 at 1-2) against the State of North Carolina regarding "Case No. 18CR724362" in which he asserts that he "ha[s] the common law right to travel in [his] own [c]onveyance without any interference" (id. at 1), "owe[s] no obligation to the State of North Carolina to have to pay any fines and or fees" (id.), holds the status of "a Federal Non Prisoner as party to a Civil Action pending against The Concord Police" in this Court (id.), and "no longer travel[s] in [his] own private Conveyance alone without fear of becoming kidnapped, etc" (id.). Plaintiff attached thereto numerous documents, most of which he previously included with other filings, in a further attempt to establish the authority of the Moorish Science Temple of America and his association with that entity. (See id. at 3-21.)

This Court, per now-Chief United States District Judge Thomas D. Schroeder, has aptly characterized proponents of the view that an individual has special status in the United States as a function of association with a "Moorish" group as "scofflaws and ne'er-do-wells who attempt to benefit from the protections of

6

federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 732 (M.D.N.C. 2008). Moreover, the Court consistently has denied plaintiffs (including Plaintiff), permission to proceed as paupers in suits predicated on such principles. See, e.g., Hampton v. City of Durham, No. 1:10CV706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (Dixon, M.J.) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 2, 2011) (Tilley, S.J.); El-Bey v. North Carolina Dep't of Health and Human Servs., No. 1:09CV693, 2010 WL 520877, at *2-3 (M.D.N.C. Feb. 9, 2010) (Sharp, M.J.) (unpublished), recommendation adopted, 2010 WL 3283061 (M.D.N.C. Aug. 19, 2010) (Tilley, S.J.). Likewise, Plaintiff's claims warrant dismissal on grounds of frivolity.

**IT IS THEREFORE ORDERED** that Plaintiff's instant Application requesting to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2), as frivolous.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 2, 2019

7